

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Fred Morris
County Auditor
Polk County
Livingston, Texas

Dear Sir:

> Opinion No. 0-2405-A
> Reconsideration of Opinion No.
> 0-2405
> Re: Highways -- Pipe Lines.

In your original request for an opinion of this Department upon the matters therein discussed you attached a copy of a franchise that Polk County granted to the Shell Pipe Line Corporation in 1931. Pursuant thereto, the Shell Pipe Line Corporation laid pipe lines and erected telephone lines under, above, across, etc. the public roads of Polk County. Then in 1938 Polk County was called upon by the State Highway Department to secure right-of-way for various highway constructions, most of which was newly located along the old highways, consequently, the Shell Pipe Line Corporation was called upon to lower its pipe line in several places and to case the pipes at these new locations. Some of these new locations were only a few yards from the old locations, but the above mentioned work was necessary.

About December, 1928, said corporation presented Polk County with an account representing the cost necessitated by the above mentioned work. The commissioners' court passed an order that the same be paid, but the auditor refused to sign the warrant, and to date the corporation has not received

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Fred Norris, Page 2

any compensation, but now demands that the account be paid. The present commissioners' court at a recent meeting rescinded the former order of said court passed by their predecessors ordering that the account be paid. Under the above mentioned facts your original inquiry presented the following question:

"Please advise, as to your opinion, as to whether Polk County owes Shell Pipe Line Corporation anything or not."

And in answer to the above in our original Opinion No. O-2405, it was held in effect that the commissioners' court of Polk County had no authority to pay the claim.

Under the facts stated in the original request it was assumed that the above mentioned corporation was constructing and running its pipe lines under existing public roads. However, under the actual facts presented to this Department the said corporation had right-of-way deeds for all the pipe line laid in Polk County and the new highways crossed the right-of-way of the said corporation at several different places, due to the construction of the new highways, the corporation was forced to lower and case its lines in compliance with the State regulations and law, and at no point along the pipe line did the new highway use the old highway right-of-way.

It is a fundamental principle of law that private property shall not be taken for a public use without adequate compensation, and that no person shall be deprived of his property except by due course of law. Therefore, we are of the opinion that where the state has permitted such corporation as above mentioned to erect and construct its lines under and across public roads, and where the county requires the additional right-of-way for new highways or public roads over and across the private property of the above mentioned corporation, the county would be liable to said corporation for the expense of casing said lines and burying them at a proper depth. We think that our Opinion No. O-2274, and the authorities cited therein, is applicable to the question here under consideration and enclose a copy of the same for your convenience. Our original Opinion No. O-2405 is hereby withdrawn.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED OCT 9, 1940

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

AW:BBB

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams
Ardell Williams
Assistant